UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS A. NORMAND                                                CIVIL ACTION

versus                                                                         NO. 14-1024

JOHNNY SUMLIN, WARDEN                                    SECTION: "B" (3)

REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.[1]

Petitioner, Thomas A. Normand, is a state prisoner incarcerated at the Claiborne Parish Detention Center, Homer, Louisiana. In 1997, he was convicted of possession of more than 28 grams but less than 200 grams of cocaine under Louisiana law and sentenced as a second

---

[1] Because it is apparent from the face of the petition that relief should be denied, the undersigned has not required the state to file a response to the petition. See Rule 5(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

offender[2] to a term of thirty-one years imprisonment without benefit of parole, probation, or suspension of sentence. On May 19, 1999, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence. State v. Normand, 735 So.2d 901 (La. App. 5th Cir. 1999). The Louisiana Supreme Court then denied his related writ application on November 12, 1999. State v. Normand, 749 So.2d 653 (La. 1999). Petitioner thereafter sought federal *habeas corpus* relief which was also denied. Normand v. Kaylo, Civ. Action No. 00-3120 (E.D. La. May 11, 2001).

Subsequently, pursuant to change in state law, petitioner applied for executive clemency. As was explained in an opinion affirming the denial of a petition for writ of mandamus he later filed:

> In 2001, the Legislature, pursuant to 2001 La. Acts 403, effective June 15, 2001, provided more lenient penalty provisions for certain enumerated crimes, including LSA-R.S. 40:967(F)(1). See LSA-R.S. 15:308. Section 2 of the Act also created the Louisiana Risk Review Panel (the Panel), whose statutory duty is to evaluate the risk of danger to society that each person convicted of a non-violent crime may present if released from confinement in a prison facility. LSA-R.S. 15:574.22(G). Although LSA-R.S. 15:574.22 applied prospectively when it was adopted, the Legislature later declared that the statute was to be applied retroactively and allowed persons "who committed crimes, who were convicted, or who were sentenced" under the stricter provisions prior to June 15, 2001, to apply to the Panel for review under the more lenient penalty provisions, provided that "such application ameliorates the person's circumstances." See LSA-R.S. 15:308(B), as added by 2006 La. Acts 45, § 1, effective May 16, 2006.
> On December 8, 2006, Normand submitted a risk review application to the Panel, noting that since his conviction the penalty provision under LSA-R.S. 40:967(F)(1) had become more lenient. On November 6, 2008, the application was "returned without action"

---

[2] Petitioner's predicate conviction was for the crime of aggravated battery in 1994. See Normand v. Louisiana Risk Review Panel, 47 So.3d 1045, 1046 (La. App. 1st Cir. 2010).

> because Normand had been "[c]onvicted of a crime of violence as defined or enumerated in [former] La. R.S. 14:2(13) [now 14:2(B)]."
>
> On January 21, 2009, Normand sought administrative review through the Louisiana Department of Public Safety and Corrections (the Department). On March 23, 2009, Normand's request was rejected by the Department, which indicated that the "risk review matter [is] not appealable through this process."
>
> On April 23, 2009, Normand filed a "Petition for Writ of Mandamus and/or Injunction" in the 19th Judicial District Court, praying that the court order the Department to evaluate whether Normand is entitled to risk review relief and to schedule him a risk review hearing. Commissioner John Smart, Jr. found that there was no authority for the court to review a recommendation of the Panel and that mandamus relief was not available to compel a response. As such, the Commissioner recommended that the court, on its own motion, raise and grant an exception of no cause of action.
>
> In accord with the Commissioner's recommendation, the district court granted an exception of no cause of action and dismissed Normand's suit. In so doing, the district court found that although LSA-R.S. 15:574.22 required the panel to evaluate certain offenders' applications, the statute excluded Normand from seeking review because he had previously been convicted of a violent crime. Normand has appealed asserting that the district erred in denying him mandamus relief.

Normand v. Louisiana Risk Review Panel, 47 So.3d 1045, 1046-47 (La. App. 1st Cir. 2010)

(footnote omitted). The Court of Appeal then affirmed the district court judgment, holding:

> The Panel rejected Normand's application because he had been "[c]onvicted of a crime of violence" as enumerated in LSA-R.S. 14:2(B). See LSA-R.S. 15:574.22(G)(4). Normand asserts that the Panel was required to consider his application rather than reject it because the exclusion found in (G)(4) only refers to crimes that are instant convictions and does not specifically address any past convictions. As such, Normand concludes that the district court should have issued a writ of mandamus to require the Panel to review the merits of his application.
>
> A plain reading of LSA-R.S. 15:574.22(G)(4) indicates that an application filed by a habitual offender who has been convicted and sentenced for a crime of violence cannot be considered by the Panel. The exception does not limit its application to the instant or

- 3 -

> current conviction, but rather applies it to all crimes that form the basis for the sentence under LSA-R.S. 15:529.1.  Moreover, such interpretation is in accord with the Legislature's intent, which seeks to have these retroactive ameliorative penalty provisions applied to inmates with non-violent criminal histories.
> Further, in the instant case, the Panel reviewed and subsequently rejected Normand's application on the basis of LSA-R.S. 15:574.22(G).  Accordingly, the Panel performed the only duty it was required to perform.  See Weaver v. LeBlanc, 09-0224, p. 3 (La. App. 1 Cir. 9/14/09), 22 So.3d 1014, 1017.  Moreover, Normand has not shown that the Department refused to perform a duty that was required by law.  Therefore, the courts have no legal authority to compel the Panel or Department to perform any further action.

Normand, 47 So.2d at 1048 (footnote omitted).  The Louisiana Supreme Court then likewise denied his related writ application.  Normand v. Louisiana Risk Review Panel, 71 So.3d 306 (La. 2011).

On August 16, 2012, petitioner filed a motion to vacate an illegal sentence with the state district court.  That motion was denied on March 22, 2013.[3]  On June 26, 2013, the Louisiana Fifth Circuit Court of Appeal then denied his related writ application, holding:

> Relator, Thomas Normand, seeks supervisory review of the trial court's ruling of March 22, 2013 denying his August 16, 2012 motion to vacate illegal sentence pursuant to retroactive application of La. R.S. 15:308, relative to the more lenient provisions of the amended statute.  We find no error in the trial court's ruling.
> Relator was found guilty of possession of cocaine, 28-200 grams, by a jury, a violation of La. R.S. 40:967(F)(1).  The trial court sentenced relator to 30 years at hard labor, with the first 10 years without benefit of "any type of parole."  Thereafter, relator stipulated to the multiple offender bill.  He was sentenced to 31 years at hard labor as a multiple offender in December 1997.  Relator's conviction and enhanced sentence were affirmed, and the case was remanded by this Court for the sole purpose of the trial court's informing relator of the provisions of La. C.Cr.P. art. 930.8.  State v. Normand, 98-1312

---

[3] Rec. Doc. 1, p. 16.

- 4 -

(La. App. 5 Cir. 5/19/99), 735 So.2d 901, writ denied, 99-1687 (La. 11/12/99), 749 So.2d 653.

On August 16, 2012, relator filed the instant motion to vacate illegal sentence, arguing that his sentence is illegal under La. R.S. 15:308, and he is entitled to retroactive application of ameliorative sentencing. The sentencing range was 10 to 60 years for violation of La. R.S. 40:967(F)(1) in 1997; whereas, the current sentencing range is five to 30 years. The trial court denied his motion on March 22, 2013, finding no illegality in relator's sentence, as he was sentenced in accordance with the sentencing statutes applicable at the time of his sentencing.

Relator sought a modification/reduction of his sentence from the Louisiana Risk Review Panel and the Clemency Board. On November 6, 2008, relator's application was returned without action based on the following: "convicted of a crime of violence as defined or enumerated in La. R.S. 14:2(13)." On November 1, 2011, the Pardon Board of the Department of Public Safety and Corrections denied relator's request for a hearing on the commutation of sentence due to "serious nature of the offense" and "past criminal record."

Despite the previous denials of the Louisiana Risk Review Panel and Clemency Board, the trial court lacks jurisdiction to entertain relator's motion. The power to commute a sentence is exclusively vested in the Executive Branch. State v. Dick, 06-2223 (La. 1/26/07), 951 So.2d 124. In that case, the Louisiana Supreme Court held that application to the Louisiana Risk Review Panel was the exclusive remedy provided to defendants, as per La. R.S. 15:308(B), who requested resentencing under he ameliorative provisions of La. R.S. 15:308(B). While Section (C) of La. R.S. 15:308 has been repealed, and therefore the Louisiana Risk Review Panel has been abolished, such did not remove the constitutionally vested power of the Executive Branch to reduce or commute a defendant's final sentence. Hollins v. N. Burl Cain, Warden, 12-940 (La. App. 5 Cir. 2/14/13 (unpublished writ decision).

State v. Normand, No. 13-KH-470 (La. App. 5th Cir. June 26, 2013).[4] The Louisiana Supreme Court likewise denied relief on March 14, 2014. State *ex rel.* Normand v. State, 134 So.3d 1189 (La. 2014).[5]

Petitioner thereafter filed the instant federal application seeking *habeas corpus* relief pursuant to 28 U.S.C. § 2254.[6] In support of his application, he asserts the following claims:

1. "Petitioner asserts that he is entitled to a reduced sentence in accordance with the mandatory retroactive provisions set forth in LSA-R.S. 15:308 (2012), as he does in fact fall within the 'class of people' implicated by the legislature's declaration of retroactivity of its more lenient sentencing provisions; 'In the Interest of Fairness and Sentencing.'"[7]

2. "Petitioner asserts that the precedents set by the Louisiana Supreme Court in State v. Dick, 06-2223 (La. 1/26/07), 951 So.2d 124, should be deemed moot and therefore overruled or substantially modified in accordance with Rule X, § 1(a)(3)."[8]

3. "Petitioner avers that the cumulative rationale supporting denials of his Motion to Correct Illegal Sentence and subsequent appeals operates as a continuous violation of his right in the Equal Protection Clause of the Fourteenth

---

[4] Rec. Doc. 1, pp. 20-22.

[5] Rec. Doc. 1, p. 23.

[6] Rec. Docs. 1 and 3. Although, as noted, petitioner previously sought and was denied relief with prejudice under 28 U.S.C. § 2254, his instant application is not considered a "second or successive" petition because he could not have brought his instant claims in his earlier petition. Therefore, prior authorization for the current application's filing was not required. *In re* Gordon, 509 Fed. App'x 375 (5th Cir. 2013); see also *In re* Robinson, No. 14-30114 (5th Cir. Apr. 15, 2014).

[7] Rec. Doc. 3, p. 4.

[8] Rec. Doc. 3, p. 4.

Amendment of the United States Constitution along with La. Const., 1974, Art. I, § 2 and Art. I, § 3."[9]

It is clear that, under 28 U.S.C. § 2254, a federal court "must find constitutional error at the *trial or direct review level* in order to issue the writ." Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999) (emphasis added); accord Duff-Smith v. Collins, 973 F.2d 1175, 1182 (1992) (noting that a federal *habeas* court looks "only to the trial and direct appeal"). Because petitioner's claims involve no purported errors at trial or on direct review, they simply are not cognizable under 28 U.S.C. § 2254.[10]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Thomas A. Normand be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[9] Rec. Doc. 3, p. 5.

[10] Moreover, the Court notes that petitioner's first two claims allege only that the state courts have misapplied *state* law. However, even if that were true and those claims were otherwise cognizable, "it is not the province of a federal *habeas* court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Rather, "[u]nder § 2254, federal habeas courts sit to review state court misapplications of federal law. A federal court lacks authority to rule that a state court incorrectly interpreted its own law. When, as here, a state court's legal conclusions are affirmed by the highest court in that state, those conclusions *are* state law." Charles v. Thaler, 629 F.3d 494, 500-01 (5th Cir. 2011). Simply put, a federal *habeas* court does "not sit as a 'super' state supreme court" to review alleged errors of state law. Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986); accord Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991).

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[11]

      New Orleans, Louisiana, this sixteenth day of June, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.