**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THOMAS A. NORMAND** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1024** |
| **JOHNNY SUMLIN, WARDEN** | **SECTION: "B"(3)** |

<u>**ORDER AND REASONS**</u>

Before the Court is Thomas A. Normand's ("Petitioner") petition pursuant to 28 U.S.C. § 2254 for writ of habeas corpus. The Magistrate Judge issued a Report and Recommendation on June 16, 2014, recommending that the petition be dismissed with prejudice.[1] The Magistrate Judge granted a motion for an extension to file objections[2] and Petitioner timely filed objections on July 31, 2014.[3]

For the reasons enumerated below, **IT IS ORDERED** that the Magistrate Judge's Report and Recommendation be **ADOPTED** and the instant habeas corpus petition be hereby **DISMISSED WITH PREJUDICE, overruling Norman's objections.**

I.    State Court Procedural Background

The instant habeas petition arises out of Petitioner's incarceration at the Claiborne Parish Detention Center in Homer,

---

[1] Rec. Doc. No. 4.
[2] Rec. Doc. No. 5.
[3] Rec. Doc. No. 7.

Louisiana.   On November 19, 1997, Petitioner was convicted under Louisiana law of possession of more than 28 grams but less than 200 grams of cocaine, and, on December 16, 1997, was sentenced as a second offender to a term of thirty-one years imprisonment without benefit of parole, probation, or suspension of sentence.[4] Following his sentencing, Petitioner appealed the trial court's decision on four separate grounds.[5]   First, Petitioner asserted that the trial judge erred in denying his motion to suppress his confession because it was made in violation of his Miranda rights.[6] Second, Petitioner asserted that he was denied his right to confront his accusers.[7]

Third, Petitioner argued that he was denied due process of law when the trial judge denied his motion for a mistrial pursuant to a prejudicial remark made in the presence of the jury by a witness.[8]   Lastly, Petitioner requested review of the entire record for errors patent.[9]

The Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's direct appeal of his conviction and sentence on May 19, 1999.   *State v. Normand*, 735 So.2d 901, 908 (La. App. 5th Cir. 5/19/1999).  On November 12, 1999, the Louisiana Supreme

---

[4] Petitioner's predicate conviction was for the crime of aggravated battery in 1994.   *See Normand v. Louisiana Risk Review Panel*, 47 So.3d 1045, 1046 (La. App. 1st Cir. 9/10/2010); Rec. Doc. No. 3 at 1.
[5] Rec. Doc. No. 1 at 2.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

Court denied Petitioner's related writ of certiorari application.[10] *State v. Normand*, 749 So.2d 653 (La. 1999). Petitioner thereafter sought federal habeas corpus relief, which was also denied. *Normand v. Kaylo*, Civ. Action No. 00-3120 (E.D. La. May 11, 2001).

In 2001, the Louisiana legislature, under Act No. 403 of the 2001 Regular Session, effective June 15, 2001, provided more lenient penalty provisions for certain enumerated crimes. In 2006, the Louisiana legislature enacted La. Rev. Stat. Ann. § 15:308 to provide that the sentence reductions embraced by Act 403 were to be applied retroactively to allow those "who committed crimes, who were convicted, or who were sentenced" under the stricter provisions prior to June 15, 2001, to apply for review under the more lenient penalty provisions.[11] La. Rev. Stat. Ann. § 15:308 (2006). Further, § 15:574.2 created the Louisiana Risk Review Panel to which prisoners who had been convicted of non-violent offenses and whose sentences would have been ameliorated by the amended sentencing provisions, could apply for possible leniency in the form of nonbinding recommendations on the exercise of clemency by the executive branch. La. Rev. Stat. Ann. § 15:574.2 (2006).[12]

---

[10] *Id.*
[11] However, by Act No. 123 of 2012, the Legislature eliminated the Panel entirely, repealing La. Rev. Stat. Ann. § 15:308(C) and 15:574.2. *State v. Dickerson*, 159 So.3d 478, 481 (La. App. 2d Cir. 8/2/2013).
[12] *See* La. Rev. Stat. Ann. § 15:308(C).

Petitioner submitted a risk review application to the Panel on December 8, 2006.[13] *Normand v. Louisiana Risk Review Panel*, 47 So.3d 1045, 1046 (La. App. 1st Cir. 9/10/2010). However, the application was denied on November 6, 2008, because Petitioner had been "[c]onvicted of a crime of violence as defined or enumerated in [former] La. R.S. 14(2)(13) [now 14:2(B)]."[14] *Id.*

On April 23, 2009, Petitioner filed a "Petition for Writ of Mandamus" in the 19th Judicial District Court in East Baton Rouge Parish, praying that the court order the Panel to evaluate whether he is entitled to risk review relief and to schedule him a risk review hearing. *Id.* at 1046-47. The district court dismissed Petitioner's suit finding that although La. Rev. Stat. Ann. § 15:574.2 required the Panel to evaluate certain offenders' applications, the statute excluded Petitioner from seeking review because he had previously been convicted of a violent crime. *Id.* at 1047. The Louisiana First Circuit Court of Appeal then affirmed the district court's judgment on September 10, 2010. *Id.* at 1048. On October 7, 2011, the Louisiana Supreme Court likewise denied Petitioner's related writ application. *Normand v. Louisiana Risk Review Panel*, 71 So.3d 306 (La. 2011).

---

[13] Rec. Doc. No. 3 at 2.
[14] *Id.*

On August 16, 2012, Petitioner filed a motion to vacate an illegal sentence with the state district court.[15] That motion was later denied on March 22, 2013.[16] On June 26, 2013, the Louisiana Fifth Circuit Court of Appeal denied his related writ application.  *State v. Normand*, No. 13-KH-470 (La. App. 5th Cir. 6/26/2013).[17] The Louisiana Supreme Court likewise denied relief on March 14, 2014.  *State ex rel. Normand v. State*, 134 So.3d 1189 (La. 2014).[18]

II.  Federal Habeas Petition:

Petitioner thereafter filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[19] In support of his application, Petitioner asserts the following claims:

1. Petitioner asserts that he is entitled to a reduced sentence in accordance with the mandatory retroactive provisions set forth in La. Rev. Stat. Ann. § 15:308 (2012), as he does in fact fall within the 'class of people' implicated by the legislature's declaration of retroactivity of its more lenient sentencing provisions; "In the Interest of Fairness and Sentencing."[20]

2. Petitioner asserts that the precedents set by the Louisiana Supreme Court in *State v. Dick*, 951 So.2d 124 (La. 2007), should be deemed moot and therefore overruled

---

[15] Rec. Doc. No. 1 at 16.
[16] Rec. Doc. No. 1 at 16.
[17] Rec. Doc. No. 1 at 20-22.
[18] Rec. Doc. No. 1 at 23.
[19] Rec. Docs. No. 1 and 3.  Although petitioner previously sought and was denied relief with prejudice under 28 U.S.C. § 2254, his instant application is not considered a "second or successive" petition because he could not have brought his instant claims in his earlier petition.  Therefore, prior authorization for the current application's filing was not required.  *In re Gordon*, 509 Fed. App'x 375 (5th Cir. 2013).
[20] Rec. Doc. No. 3 at 4.

or substantially modified in accordance with Rule X, §
1(a)(3).[21]

3. Petitioner avers that the cumulative rationale supporting
denials of his Motion to Correct Illegal Sentence and
subsequent appeals operates as a continuous violation of
his right in the Equal Protection Clause of the
Fourteenth Amendment of the United States Constitution
along with La. Const., 1974, Art. I, § 2 and Art. I, §
3.[22]

Further, Petitioner has objected to the Magistrate's Report and

Recommendation on the basis that a § 2254 petition should not be

"dismissed with prejudice" without affording Petitioner first an

opportunity to amend.[23] Additionally, Petitioner has supplemented

his objection.[24]

III. Standard of Review

This Court reviews objected to portions of a magistrate

judge's report and recommendation de novo. Fed. R. Civ. P.

72(b)(3). Petitioner filed this § 2254 action after the Anti-

Terrorism and Effective Death Penalty Act's (AEDPA) April 24,

1996 effective date.  This claim is therefore governed by the

provision of that statute.  *Woodford v. Garceau*, 538 U.S. 202,

205 (2003).  "[A] district court shall entertain an application

for a writ of habeas corpus in behalf of a person in custody

pursuant to the judgment of a State court *only* on the ground

that he is in custody in violation of the Constitution or laws

---

[21] Rec. Doc. No. 3 at 4.
[22] Rec. Doc. No. 3 at 5.
[23] Rec. Doc. No. 7 at 1.
[24] Rec. Doc. No. 8.

or treaties of the United States." 28 U.S.C. §
2254(a)(1996)(emphasis added). An application for a writ of
habeas corpus shall not be granted unless the applicant has
exhausted the remedies available in the courts of the State. §
2254(b)(1)(A).

    IV.  Analysis

        a. <u>Petitioner's Claims Fail to Raise an Issue of</u>
           <u>Constitutional Error at Trial or Direct Review Level</u>

First, Petitioner alleges that he is entitled to a reduced
sentence in accordance with the mandatory retroactive provisions
set forth in La. Rev. Stat. Ann. § 15:308 (2012). Second,
Petitioner alleges that the precedents set forth in *State v.
Dick*, 951 So.2d 124 (La. 2007), should be deemed moot and
therefore overruled or substantially modified. Third, Petitioner
alleges that the denials of his motion to vacate an illegal
sentence and subsequent appeals violated the Equal Protection
Clause of the United States Constitution.

Under § 2254, a federal court must "find constitutional
error at the trial or direct review level in order to issue the
writ." *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999)
(emphasis added); *accord Duff-Smith v. Collins*, 973 F.2d 1175,
1182 (5th Cir. 1992) (noting that a federal habeas court looks
"only to the trial and direct appeal"). Petitioner's claims
raise no issue of constitutional error at his trial or direct

review. Moreover, although Petitioner ostensibly alleges an Equal Protection violation, the basis of his claim is meritless. Here, Petitioner challenges his illegal sentence under § 15:308; however, the statute was enacted in 2006, years after Petitioner's trial in 1997 and direct appeals in 1999.[25] Consequently, the alleged illegal nature of his sentence does not raise an issue of constitutional error at trial or at the direct review level. Therefore, the Petitioner's claims are not cognizable under § 2254, and should be dismissed.

Furthermore, claims one and two simply allege that the state courts have misapplied *state* law. However, pursuant to § 2254, federal habeas relief is only available for state court misapplications of federal law. *See* 28 U.S.C. § 2254(a). "A federal court lacks authority to rule that a state court incorrectly interpreted its own law." *Charles v. Thaler*, 629 F.3d 494, 500-01 (5th Cir. 2011); *see Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *accord Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981) (a state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved).

---

[25] Rec. Doc. No. 1 at 1-2.

The Louisiana First Circuit Court of Appeal has definitively concluded that although the Panel was required to evaluate certain offenders' applications, the Petitioner was excluded from seeking review because he had previously been convicted of a violent crime. *Normand v. Louisiana Risk Review Panel*, 47 So.3d 1045, 1046-47 (La. App. 1st Cir. 9/10/2010). Further, the Louisiana Fifth Circuit Court of Appeal reinforced the ruling in *State v. Dick*, and held that "[t]he power to commute a sentence is exclusively vested in the Executive Branch." *State v. Normand*, No. 13-KH-470 (La. App. 5th Cir. 6/26/2013) (quoting *State v. Dick*, 951 So.2d 124, 132 (La. 2007)).

Claims one and two are based on questions governed entirely by state law and have been conclusively determined against the Petitioner. Thus, because claims one and two involve alleged misapplications of state law, federal habeas corpus relief is not applicable; a federal court is bound by the state court's interpretation of a state criminal statute. *Hall v. Wainwright*, 493 F.2d 37, 39 (5th Cir. 1974).

In conclusion, Petitioner's claims do not raise any constitutional error at trial or at the direct review level. Further, Petitioner's first two claims allege misapplications of state law by state courts, rather than misapplications of

federal law, which would otherwise provide a possible basis of relief.  For these reasons, relief must be denied.

      b. Petitioner's Newly Proffered Evidence Does Not Alter the Court's Findings and Conclusions

Following the issuance of the Magistrate Judge's Report and Recommendation, and filing of objections, Petitioner filed an amendment/supplement[26] in the record.  Petitioner objects to the Magistrate's Report and Recommendation by asserting that he should be allowed to use the Freedom of Information Act ("FOIA") to provide evidence of other offenders that have committed worse offenses, and with longer criminal history, that have been provided relief pursuant to La. Rev. Stat. Ann. § 15:308 (2012). Although the district court need not reject newly-proffered evidence simply because it was not presented to the magistrate judge, *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998), even if considered, Petitioner's evidence has no bearing on the issues presented before the Magistrate Judge and this Court. This evidence fails to cure the problem that the Petitioner's three claims are meritless.  As a result, the above analysis would not be altered even if this additional supporting evidence were allowed.

---

[26] Rec. Doc. No. 8.

c. Failure to Exhaust Additional Claims

After filing his petition for federal habeas corpus relief, Petitioner attempted to amend his petition to assert violations of the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment. However, these claims were never presented to the Louisiana Supreme Court. Habeas corpus applications are required to have "exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), which is generally satisfied by presenting the claim to the state's highest court. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

The presentation of new legal theories or factual claims in a federal habeas court petition does not satisfy the exhaustion requirement, resulting in a procedural default. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *see Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010). A claim is procedurally defaulted when "a prisoner fails to exhaust available state remedies, and 'the court to which the [P]etitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Mays v. Cain*, Civil Action No. 08-3983, 2011 WL 2295173, at *4 (E.D. La. June 9, 2011) (quoting *Nobles v. Johnson*, 127 F.3d 409 (5th Cir. 1997)).

11

Moreover, under Louisiana law, "[n]o application for post-conviction relief . . . shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922." La. Code Crim. Proc. Ann. art 930.8(A) (2014). Since Petitioner's sentence became final on May 19, 1999, Petitioner would be barred from filing any new post-conviction applications in state court under La. Code Crim. Proc. Ann. art. 930.8(A) (two-year statute of limitation for state post-conviction application) and/or La. Code Crim. Proc. Ann. art. 930.4(E) ("a successive application shall be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application").

Although defaulted claims may be reviewed upon a showing of either: (1) cause and prejudice or (2) a fundamental miscarriage of justice, *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999), Petitioner has failed to demonstrate either. Petitioner's claims were not presented to the Louisiana Supreme Court, and thus have not been exhausted for the purposes of federal habeas corpus relief. Therefore, this Court is procedurally barred from reviewing the additional claims. *See Mays v. Cain*, Civil Action No. 08-3983, 2011 WL 2295173, at *4 (E.D. La. June 9, 2011).

**IT IS ORDERED** that the Magistrate's Report and Recommendation be **ADOPTED** with regard to claims 1, 2, and 3.

Therefore, it is **ORDERED** that the petition for issuance of a writ of habeas corpus be hereby **DISMISSED WITH PREJUDICE.**


New Orleans, Louisiana, this 9th day of July, 2015.


UNITED STATES DISTRICT JUDGE